

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXXX~~

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable F. E. Rightor
Secretary, State Board of Registration
   for Professional Engineers
Austin, Texas

Dear Mr. Rightor:

Opinion No. O-3313
Re: Professional Engineers - residence
    requirements for registration.

     Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Section 18 of Senate Bill 74, Acts Regular Session, 45th Legislature, reads that 'At any time within one (1) year after this Act becomes effective, upon due application therefor and the payment of the registration fee of Twenty-five ($25.00) Dollars for professional engineers, the Board shall issue a certificate of registration, without oral or written examination, to any professional engineer who shall submit evidence under oath satisfactory to the Board that he is of good character, has been a resident of the State of Texas for at least one (1) year immediately preceding the date of his application, and was practicing professional engineering at the time this Act became effective, and has had responsible charge of work of a character satisfactory to the Board.'

"The act became effective May 28, 1937.

"On April 5, 1938 application was received from an applicant for registration under Section 18 who set out in his application that his residence address was Shreveport, Louisiana, where he was employed by a pipe line company.

"To his application was attached a 1937 poll tax receipt from the County of Harrison, dated December 22, 1937, which gave as his residence Precinct 1 (and Ward 1) in that county and a residence in the county and the city of five years, he having lived in Texas all his life, twenty-seven years.

"This Board, on July 1, 1938, rejected the application of this applicant, the reason being that the applicant did not have his residence in Texas as per the requirements of Section 18 of the Act governing registration.

"Now comes this applicant with a request for reconsideration and in a letter requesting reconsideration writes paragraph as follows:

"'Although I was living in Shreveport on the date of my appli-
cation, I maintained my legal residence as Marshall, Texas. There being
a fine point involved there I am not qualified to pass on the question,
but I have heretofore considered that legal residence had precedence over
actual residence. That is why I attached a photostatic copy of my Poll
Tax Receipt on the back of my application. During my two and a half
years in Shreveport I maintained my Texas citizenship by the paym ent of
Poll Tax.'

"The Board finds it is unable to pass on the applicant's request for recon-
sideration without an opinion from you.

"Would you kindly, therefore, advise us if the Board in reconsidering his
application under Section 18 of the Act, may bring its finding on the
basis that his residence is in Harrison County, Texas. In fact in order
that we may have a clearer understanding of the law in the premises, it
is requested that you advise us as to whether or not a man's legal resi-
dence takes precedence over his actual residence."

The term "resident", like "citizen" and "domicile," is not always
capable of precise definition, but may in different circumstances be used
in different senses.

The following rule is set out in 19 Corpus Juris 407, Sec. 19,
concerning the effect of absence on one's home or domicile:

"If a person leaves his home or domicile for a temporary purpose with an
intention to return, there is no change of domicile."

This rule is further substantiated by the case of Sabriego et ux
v. White, 30 Tex. 585, in which the court made the following statement:

"The original domicile is not changed even by a long absence if there is
any intention of returning."

We quote from conference opinion No. 2977, dated January 10, 1936,
Attorney General Reports 1934-1936, p. 11, directed to Dr. H. Y. Benedict,
as follows:

"What is the residence status, under the terms of the statute referred to
(tuition fee statute) of students who are minor children of American cit-
izens who live in Mexico or some other foreign country? May these stud-
ents be classified as residents of the foreign country in which their
parents are living, or should these students be classified as residents
of the specific state in which the parents had legal residence at the time
they moved to the foreign country? Does the length of time the parent
has lived in the foreign country have any bearing on the student's resi-
dence classification?

"The residence status under the terms of the statute referred to of
students who are minor children of American citizens who live in Mexico

Hon. F. E. Rightor, page 3 (O-3313)

or some other foreign country is a fact question determined largely by the intention of the father of the children. The fact that they are living in Mexico, in our opinion, would not prevent them from being classified as residents of Texas if when they moved to Mexico their intention was to return and they did not abandon their intention after the move. The determination of this question is largely a matter of fact governed by the intention of the father of the children. The length of time the parent has lived in the foreign country does not have any bearing on the student's residence qualifications."

Thus we see that a person's legal residence is governed to a large extent by his intention.

You do not state in your letter whether the applicant's residence in Louisiana was temporary or permanent, and whether the applicant intended to return to Harrison County, Texas. However, in view of the facts stated and the contention of the applicant that his legal residence is in Harrison County, Texas, as shown by your letter, we may assume that his residence in Louisiana was not permanent and that he intended to return to his home in Harrison County, Texas.

It is our opinion, under the facts stated and assumed, that applicant is a bona fide resident of Harrison County, Texas, and is entitled to registration as a professional engineer under Section 18 of the Act (S.B. 74, 45th Leg.), if otherwise qualified.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED APR 10, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO:egw

APPROVED: OPINION COMMITTEE
BY B W B CHAIRMAN